Affirmed and Opinion filed February 26, 2004














Affirmed and
Opinion filed February 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01164-CV

_______________

 

LYNN RAE LEVIT
GOETZ, Appellant

 

V.

 

JOSEPH SAMUEL GOETZ, Appellee

____________________________________________________

 

On Appeal from
the 257th District Court

Harris County, Texas

Trial Court
Cause No. 99-53560

____________________________________________________

 

O P I N I O N

 

            In this divorce case, Lynn Goetz
appeals portions of the divorce decree (the “decree”) on the grounds that the
trial court erred in: (1) securing the award of property to Joseph Goetz with a
lien on property awarded to Lynn; and (2) deciding it had the authority to
appoint an arbitrator, thereby modifying the terms of the parties’ mediated
settlement agreement (the “MSA”).  We
affirm.

Lien

            Lynn’s first
issue argues that the trial court erred in securing the money judgment awarded
to Joseph with a lien on property that had previously been partitioned to her
by the parties’ mediated settlement agreement.[1]  The relevant portions of the MSA pertaining
to the property division contain the following language:

            It is stipulated and agreed that the
estate of the parties shall be
divided as follows:

            [Joseph] shall be awarded the following property, and [Lynn] shall
be divested of all right, title, interest, and claim in and to such
property:

*          *          *          *

            [Lynn] shall be awarded the following property, and [Joseph] is hereby divested of all right, title,
interest, and claim in and to such property: . . . .

Despite the
repeated use of “shall be” in the property division section of the MSA, Lynn
contends that the one instance in which 
“is hereby” is used above transforms the MSA into a partition of the
property that was effective, upon its execution by the parties, to change the
character of their property from community to separate without approval by the
court,[2] ( i.e., as contrasted from an agreement
incident to a divorce that would have required a finding by the court of a just
and right division of marital property in order to be effective).[3]  Therefore, Lynn
asserts that the lien subsequently imposed by the divorce decree on her
previously partitioned separate property divested her of separate property in
violation of the Texas Constitution and the laws of Texas.[4]

            The first page of the MSA contains
the caption for the divorce action in the trial court, and the opening
paragraph states, “we stipulate and agree to the following in settlement of the
following contested matters before the court in the above-captioned cause.”  The second paragraph similarly recognizes,
“that the Court shall enter a decree of divorce.”  In addition to providing a detailed property
division, the MSA addresses conservatorship of the children, and leaves several
unresolved matters pertaining to both for determination by the court, including
periods of possession, child support, and the amount of any money judgment
payable by either party to the other.

            Moreover, although the term
“division” is used throughout the MSA, we are unable to find the word
“partition” in it.[5]  Rather, the decree states that it contains a partition of the community
property of the parties and that it
shall serve as a muniment of title to transfer ownership of all property
awarded to any party therein.  The decree
also treats the MSA as being incident to the divorce by expressly incorporating
it into the decree, acknowledging that the award of property to each party in
the decree is in accordance with the MSA, and stating that the trial court
found the division of property to be a just and right division of the parties’
marital estate.  These provisions reflect
a clear intent by the parties and the trial court that the MSA was an agreement
incident to divorce, rather than a partition agreement.  To hold otherwise would render the property
division set forth in the divorce decree a nullity because the parties’ marital
property would have already been partitioned in the MSA and nothing would have
remained for division in the decree. 
Therefore, despite the “is hereby” language used in the MSA, we find no
authority or rationale to conclude that such an isolated phrase can overcome
the obvious intent of the MSA and decree. 
Accordingly, Lynn’s
first issue is overruled.




 








Authority to Appoint Arbitrator

            Lynn’s second issue contends that the trial
court erred in determining, after the parties were unable to decide on an
arbitrator to designate in the MSA, that the trial court had the authority to
name one for them if an arbitrable dispute arose and they still could not agree
on an arbitrator.  In this regard, the relevant
portion of the MSA states, in part:

            It is further stipulated and agreed that, in the event of
disputes regarding periods of possession, extracurricular activities, or rights
and duties of the conservators, the
parties shall submit the dispute for arbitration with _______.  The arbitrator’s decision shall be binding on
the parties.

 

(emphasis
added).  By contrast, the corresponding
language of the decree states:

IT IS FURTHER ORDERED AND
DECREED that, in the event of disputes regarding periods of possession,
extracurricular activities, or rights and duties of the conservators, the parties shall submit the dispute for
arbitration with a mutually acceptable arbitrator.  If the parties are unable to agree to a
mutually acceptable arbitrator, the Court will appoint an arbitrator upon
application of a party.

 

(emphasis
added).  On the one hand, Lynn argues that she “is
not seeking to remove or modify the existing
agreement to submit issues to binding
arbitration” (emphasis added).  On the
other hand, however, she asserts that this “agreement” is “contingent on the
parties agreeing on the . . . person designated or there is no agreement to submit disputed issues
to binding arbitration” (emphasis added). 
Therefore, Lynn
contends that the trial court abused its discretion by adding a new term to
their agreement whereby an arbitrator they did not agree upon might decide
their disputes.[6]

            On written agreement of the parties,
a court may refer a suit affecting the parent-child relationship to
arbitration.  Tex. Fam. Code Ann. § 153.0071(a) (Vernon 2002).  The method of appointing an arbitrator is as
specified in the agreement to arbitrate.  Tex. Civ. Prac. & Rem. Code Ann. §
171.041(a) (Vernon
Supp. 2004).  However, if an agreement to
arbitrate does not specify a method of appointment, or the agreed method fails
or cannot be followed, the court shall appoint an arbitrator upon application
of a party.  Id.
§ 171.041(b)(1), (2).

            Contrary to Lynn’s position, the failure to identify an
arbitrator, or even specify a method for choosing one, does not render an
arbitration agreement unenforceably incomplete. 
See id.  Moreover, to the extent a binding arbitration
agreement existed, as Lynn
acknowledges and the trial court expressly concluded,[7] the
language inserted by the trial court merely reflects the law applicable to the
agreement and, thus, did not add a material term to it.  Although Lynn urges a different interpretation of the
arbitration provision that would defeat its effect as a binding arbitration
agreement, she has cited no authority or rationale to overcome the trial
court’s determination to the contrary. 
Under these circumstances, her second issue affords no basis for relief
and is overruled.  Accordingly, the
judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H.
 Edelman

                                                                                    Justice

 

Judgment rendered and Opinion filed February 26,
2004.

 

Panel consists of Justices Edelman, Frost, and
Guzman.

 

 











[1]           The decree states that “a judgment lien is created
and established against all community property herein awarded to Lynn as community
property. This lien is in the nature of a purchase-money lien.”  After listing the items of property subject
to this lien, the decree states, “the judgment lien herein imposed shall be a
judicially imposed owelty lien with respect to the homestead real property of Lynn . . . .”





[2]           See Tex. Fam. Code Ann. § 4.102 (Vernon Supp. 2004) (allowing
spouses to partition or exchange between themselves any part of their community
property and thereby transform such property into a spouse's separate
property).





[3]           See Tex. Fam. Code Ann. §§ 7.001, 7.006(a), (b) (Vernon 1998); Byrnes v. Byrnes, 19 S.W.3d 556, 559 n.2 (Tex. App.—Fort Worth
2000, no pet.).





[4]           See Cameron v. Cameron, 641 S.W.2d 210, 213-15
(Tex. 1982) (recognizing that the Texas Constitution and Family Code do not
allow a court, in a divorce proceeding, to divest one spouse of separate
property by awarding it to the other spouse). 
Lynn
does not assert grounds to contest the imposition of the lien if the MSA was
not a partition agreement.





[5]           See Byrnes, 19 S.W.3d at 559
(observing that Texas courts have refused to recognize transactions between
spouses as partitions absent the use of that term or other language
specifically indicating such an intent).





[6]           Lynn does not, however, contend
that the arbitration provision of the MSA was ambiguous or otherwise uncertain
and that it should, thus, have simply been left in that condition by the trial
court for a possible later determination, if necessary.





[7]           The trial court’s eighth and fifteenth findings of
fact state, respectively, “The parties in the MSA entered into an arbitration
agreement to settle specific future disputes,” and “Any finding of fact that is
a conclusion of law shall be deemed a conclusion of law.”  The trial court’s ninth conclusion of law
correspondingly states, “It is appropriate upon the application of a party for
the Court to appoint an arbitrator when the parties can not agree upon an
arbitrator but have agreed by a written and signed agreement that a dispute shall
be arbitrated.”